IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MICHAEL ALAN STACY**                                                    **PLAINTIFF**

V.                          **CASE NO. 5:17-CV-05040**

**RUSSELL WHITTLE; PAMELA**
**ANN STACY-WHITTLE; AMBER**
**WHITTLE LEE; GUERIN GOATES;**
**JOYCE GOATES; TARA BARNETT-**
**WRIGHT; ANNE ATTEBERRY;**
**HUNTER ATTEBERRY; and**
**SCOTT DALRYMPLE**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Michael Alan Stacy under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis* and *pro se*.

This matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff is incarcerated in the Faulkner County Detention Center. According to the allegations of the complaint, the Defendants have the following relationships with the Plaintiff: Pamela Ann Stacy-Whittle and Russell Whittle are his sister and brother-in-law; Amber Whittle Lee is a stay at home mom (family relationship not stated); Joyce and Guerin Goates are his mother and step-father; Tara Wright is his ex-wife; Anne Atteberry is his ex-fiance; Hunter Atteberry is his ex-finance's son; and Scott Dalrymple is his ex-

-1-

friend. All Defendants are citizens of the State of Arkansas.

With respect to Pamela and Russell Whittle, Plaintiff alleges they slandered him, bore false witness against him, falsely accused him of stealing her pills, their pet raccoon attacked him in 2015, and they may have sold his pick-up truck by forging the title. Plaintiff alleges Amber Whittle Lee slandered him, falsely accused him, and bore false witness. With respect to Joyce and Guerin Goates, Plaintiff alleges an accident on their land while building a roof over a deck almost cost him his life and resulted in him incurring $75,000 in medical bills. Further, he alleges they may have been involved in forging the title to his pick-up truck. Plaintiff alleges Tara Wright slandered him, falsely accused him, got a six year old child to lie about him, and bore false witness against him. With respect to Anne Atteberry, Plaintiff alleges she is a thief, slandered him, falsely accused him, any may be guilty of murder and attempted murder. Plaintiff alleges Hunter Atteberry lied about him, bore false witness against him, slandered him, was a thief, and falsely accused the Plaintiff. Plaintiff makes no allegations against Scott Dalrymple.

Plaintiff asked that polygraph tests be administered to Pamela Whittle, Russell Whittle, Tara Wright, Amber Whittle Lee, Joyce Goates, Hunter Atteberry, and Jodi Atteberry. He states they are all "family & ex'es" so he knows they will lie. Plaintiff alleges that he is "trying to get to the truth. I have been lied on, and slandered, & false[]ly accu[]sed enough over the past 25 year[]s." (Doc. 2, p. 9).

## II. DISCUSSION

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim

-2-

upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved, and in those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Sw. Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*. *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

Diversity of citizenship under 28 U.S.C. § 1332 exists if there is complete diversity of citizenship and the amount in controversy is more than $75,000. *Advance America Servicing of Arkansas v. McGinnis*, 526 F.3d 1170, 1172 (8th Cir. 2008). In this case, both the Plaintiff and Defendants are citizens of the State of Arkansas.

The only other possible basis of federal court jurisdiction apparent from the complaint is 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

While there are limited circumstances in which a private party may be considered to be a state actor, Plaintiff has not alleged the Defendants conspired with the State and its agents or that these Defendants willfully participated in joint activity with the State and its agents. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[A] private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001) (store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)

(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n.21 (1982)).

Similarly, a private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See, e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985) (private citizen does not act under color of law when reporting a crime).

It is clear Defendants cannot be sued under § 1983 because they are private citizens, who did not act under color of state law. No other basis of federal court jurisdiction is apparent from the complaint.

### III. CONCLUSION

The complaint fails to state a cognizable claim under § 1983 and there is no other basis for federal court jurisdiction over the claims. Therefore, it is **DISMISSED WITH PREJUDICE**. 28 U.S.C. §1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim). A separate judgment will be entered this same day.

**IT IS SO ORDERED** on this 22nd day of May, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE